**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SCOTT HARRY,**

**Plaintiff,**

**v.** **CASE NO. 22-3186-JWL-JPO**

**(FNU) HUDSON, Warden,**
**et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Scott Harry is hereby required to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina, the events giving rise to his Complaint occurred during his detention at USP-Leavenworth in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $31.50, which is due by September 15, 2022. (Doc. 3.)

Plaintiff alleges that medical care he received at USP-Leavenworth was constitutionally inadequate. He states that on October 4, 2019, Dr. Robert Kenney requested that Plaintiff have a consultation for a hernia repair. Plaintiff saw Dr. Christine Aulepp once, and then she operated on

him on January 21, 2020. It was a laparoscopic procedure to repair a left inguinal hernia. Dr. Aulepp used mesh to repair the hernia. Plaintiff saw Dr. Jason Clark on July 9, 2020, for a follow-up, and Dr. Clark found no issues and said that Plaintiff should continue to improve. However, Plaintiff alleges that the operation was not successful and that he did not improve. He claims that the doctors "waited too long to operate" and that the mesh used by the surgeon was "outlawed" prior to his operation. Plaintiff states that he has more pain than before the operation.

Plaintiff names as defendants (fnu) Hudson, Warden of USP-Leavenworth; Dr. Jason Clark; Dr. Christine Aulepp; and Dr. Robert Kenney. He alleges the three doctors are employed at USP-Leavenworth. Plaintiff seeks punitive and compensatory damages, as well as medical care for his hernia.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

To state a *Bivens* claim, a plaintiff must allege the violation of a constitutional right by a federal officer acting under color of federal authority. *Bivens*, 403 U.S. at 389. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that it is subject to dismissal for the following reasons.

### A. Insufficient Factual Allegations

Plaintiff's Complaint is subject to dismissal because it does not contain sufficient facts to state an actionable claim against any defendant. As explained above, "to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. Plaintiff fails to provide a coherent picture of what happened and what specific conduct of which defendant(s) he believes violated his constitutional rights. Given the sparse and confusing allegations in the Complaint, the Court is not even sure which defendant performed the hernia surgery.

Plaintiff is given an opportunity to file an amended complaint. When preparing the amended complaint, Plaintiff should focus on clearly explaining what happened.

### B. Failure to State a Claim under the Eighth Amendment

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective

component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

An inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate

treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–106 (footnote omitted). The prisoner's right is to medical care - not to the type or scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Plaintiff's assertion that he received constitutionally inadequate medical care is subject to dismissal for failure to state a claim. Plaintiff's allegations indicate that he was furnished medical care. While the Court is hampered by Plaintiff's lack of factual details, it seems that Plaintiff is basing his claim on the fact that the surgeon used surgical mesh to attempt to repair his hernia, or perhaps on the fact that the operation was not successful in the long term. The Court is not aware of any ban on the use of surgical mesh such that the surgeon's choice was "repugnant to the conscience of mankind" and subjected Plaintiff to cruel and unusual punishment. Further, an unsuccessful surgery is not, in and of itself, an indication of deliberate indifference. Plaintiff's

claim seems to amount to a difference of opinion with the surgical method and course of treatment ordered by medical professionals. Such allegations do not rise to the level of cruel and unusual punishment under the Eighth Amendment and are, at most, grounds for a negligence or malpractice claim in state court.

**C. Failure to Allege Personal Participation of Defendants**

Plaintiff also fails to allege the personal participation of Warden Hudson. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

It appears that Plaintiff named Defendant Hudson solely on the basis of his status as warden. This is not sufficient to state a *Bivens* claim against him. This defendant is therefore subject to dismissal.

In addition, as explained above, Plaintiff includes only sparse and confusing allegations about the three physician defendants. Plaintiff is given an opportunity to file an amended complaint to clarify how each of the named defendants personally participated in violating his constitutional rights.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3186-JWL-JPO) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The amended complaint should concisely (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 17, 2022,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **October 17, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 15, 2022, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**